626 F.Supp. 981 (1986)
McCARTHY BROTHERS CONSTRUCTION COMPANY, a Missouri corporation, Plaintiff,
v.
Samuel R. PIERCE, Jr., in his official capacity as Secretary of the United States Department of Housing & Urban Development, and National Church Residences of St. Charles, Missouri, an Ohio non-profit corporation, Defendants.
No. 84-1830C (A).
United States District Court, E.D. Missouri.
January 14, 1986.
James L. Hawkins, Jeffrey L. Demerath, St. Louis, Mo., for plaintiff.
Joseph B. Moore, Asst. U.S. Atty., St. Louis, Mo., Keith W. Hazelwood, St. Charles, Mo., for defendants.

MEMORANDUM OPINION
HARPER, District Judge.
This matter is before the Court on plaintiff's declaratory judgment action. Plaintiff seeks a declaration that it is entitled to $131,850.00 incentive fee under a construction contract between it and defendant, National *982 Church Residences of St. Charles, Missouri (hereinafter referred to as National Church). Plaintiff bases federal jurisdiction over this matter upon diversity of citizenship pursuant to 28 U.S.C. § 1332.
This case was submitted to the Court upon joint stipulations of fact which the Court adopts as its statement of facts. The parties have also submitted a list of exhibits and a stipulation relating to them. From these facts and exhibits, the Court has reached the following conclusions.
Plaintiff, McCarthy Brothers Construction Company, and defendant, National Church, on September 29, 1981, contracted to build the Jaycee Fairgrounds Village (hereinafter referred to as the project). The project was to provide low-cost housing for the elderly. Financing for the project was supplied by the Department of Housing & Urban Development (hereinafter referred to as HUD) through a direct loan.
In addition to an original fee of $247,272.00, the contract provided for the payment of an incentive fee to plaintiff if certain conditions were met. These conditions consisted of, (1) a cost savings, and (2) an early completion. Plaintiff built the project at a cost of nearly $480,000.00 below that which was estimated. To satisfy the second requirement, plaintiff needed to have substantially completed the project before March 14, 1983  the contract's completion date.
The parties to this lawsuit disagree as to whether plaintiff fulfilled the second condition required to qualify for the incentive fee. Their disagreement arises from a dispute over the definition of the term "substantial completion."
Under the definition desired by plaintiff, substantial completion would have occurred nearly two weeks (March 1, 1983) prior to the contract's completion date. On the other hand, HUD's definition of the term would have resulted in substantial completion occurring approximately eleven days late, on March 25, 1983.
Plaintiff claims that Article 8.1.3 of the AIA Document A201[1] properly defines the term "substantial completion." This provision reads as follows:
"8.1.3 The Date of Substantial Completion of the Work or Designated portion thereof is the Date certified by the Architect when construction is sufficiently complete, in accordance with the Contract Documents, so the Owner can occupy or utilize the Work or designated portion thereof for the use for which it is intended."
The parties do not disagree that under this definition substantial completion occurred prior to March 14, 1983.
HUD advocates that Article 2D of the construction contract properly defines the disputed term. This provision reads as follows:
"D. The date of substantial completion shall be the date the HUD representative signs the HUD Representative Trip Report (Form HUD 5379) which indicates construction is complete and which report is substantially endorsed by the Chief Architect as being the Final Inspection Report."
Once again, the parties do not disagree that under this definition substantial completion occurred after March 14, 1983.
This matter simply requires the Court to decide which definition of "substantial completion" applies to the issue of incentive fees. Clearly, Article 2D denotes a meaning of "substantial completion." Furthermore, Article 1A of the construction contract expressly states, inter alia, that "[t]he provisions of this instrument and the said FHA Supplementary Conditions take precedence over all inconsistent provisions in the said AIA General Conditions." (Emphasis added.)
Article 8.1.3 of the AIA General Conditions and Article 2D of the construction *983 contract are inconsistent. The inconsistency arises over the person designated to determine "substantial completion." Article 8.1.3 requires the administering architect to make the determination while Article 2D delegates that responsibility to HUD.
Section 1749a(c)(10) U.S.C. of Title 12[2] authorizes HUD to include in this construction contract a delegation such as expressed in Article 2D. A thorough and careful reading of the contract clearly indicates that HUD's determination of "substantial completion" controls the award of incentive fees. The administering architect's power to make such a determination is inconsistent, and thus, subordinate to that of HUD's.
In Missouri and generally, it appears to be well-established that parties to a building contract may agree that a designate person, such as a named architect or engineer, shall determine questions relating to the performance of the contract and the amount due, and that such determination shall be final and conclusive, absent fraud or gross mistake.[3]Phoenix Assurance Co. of N.Y. v. Appleton City, 296 F.2d 787, 790 (8th Cir.1961).
This agreement between the plaintiff and National Church, embodied in the construction contract, calls for HUD's Chief Architect to determine the date of substantial completion. Plaintiff has not produced any facts showing fraud or gross mistake by HUD. On the contrary, HUD has shown good cause for its issuance of the Final Inspection Report eleven days after the contract's completion date.
Plaintiff relies very heavily on Modern Am. Mortg. Corp. v. Skyline Park, 614 F.2d 1009 (5th Cir.1980) (hereinafter Skyline Park) to support its contention that Article 2D applies to National Church and HUD. This Court, however, believes that plaintiff's reliance is misplaced. Factually, Skyline Park is distinguishable because, unlike the case at bar, the contractor had fully completed its project. Skyline Park presents no factual issue of substantial completion.
Plaintiff also requests a court order requiring HUD to extend the contract's completion date to April 20, 1983. Its request stems from a change order it had submitted to HUD after the project's final completion. Considering the project was completely finished, the Court cannot say that HUD's refusal to extend the contract was arbitrary or capricious.
Accordingly, the Court orders judgment for the defendants. The Court declares that substantial completion occurred too late for plaintiff to qualify for the incentive fee. Moreover, HUD need not extend the contract's completion date to April 20, 1983.
The clerk of the Court is directed to prepare and enter the proper judgment in accordance with this opinion.
NOTES
[1] AIA Document A201 contains the general conditions of a construction contract and is produced by the American Institute of Architects. Article 1A of the construction contract expressly incorporates this document and its provisions.
[2] When the contract was executed, HUD's authority was under Section 1749a(c)(9).
[3] Gross mistake necessarily includes bad faith or a failure to exercise an honest judgment. Stiers Bros. Const. Co. v. Moore, 158 S.W.2d 253, 257 (Mo.App.1942).